**In re David E. HUTTON, Janet L. Hutton, Debtors.**

**Bankruptcy No. 93–20082.**

United States Bankruptcy Court, E.D. Kentucky, Covington Division.

July 1, 1993.

Bill G. Wilder, Florence, KY, for debtors.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court upon the United States Trustee's Motion to Dismiss filed pursuant to 11 U.S.C. § 707(b).

The debtors filed a petition under Chapter 7 on January 27, 1993. Schedule D lists secured debts totaling $56,800 consisting primarily of the mortgage debt on their home in the amount of $51,000. The debtors list no unsecured priority debts and unsecured non-priority debts totaling $21,-513.76. Debtors both are employed and the net pay which the debtors receive totals $4,825 monthly. Their net pay is arguably almost $200 per month higher than this figure since it appears that they expect a tax refund of some $2,300.

The budget filed by debtors lists expenses of $4,916.82 monthly. While it appears to overstate the food expense of the family, it does not otherwise appear to be unrealistic and the overstatement of food expenses is probably made up for by slight understatements on other categories of the budget. However the budget contains items which must be subtracted before considering what sums would be available to debtors to fund a theoretical Chapter 13 plan. Debtors have indicated that they intend to surrender their time share condominium so the payment of $96.50 must be subtracted as must the sum of $954.41 for payments on charge cards and loans which they seek to discharge in this proceeding. After making these two adjustments, it appears that the debtors' actual expenses for present purposes are $3,865.91. This leaves $1,050.91 per month with which to fund a plan before consideration of other factors.

Debtors point out that they have surrendered the 1985 Buick automobile and that they are in need of a second automobile because both of them work at different locations. The Court agrees with their need for a second automobile but finds that they have $238.41 already budgeted for installment payments on an automobile. The Court assumes that this sum is slightly low for providing the needed transportation since both debtors commute some distance. The debtors further state that the reason they have been unable to pay their bills is because both debtors were off work for some extended periods of time during the past winter. The Court accepts these statements at face value. The debtors further point out that their child care expenses rise from $365.50 to $516 per month during the summer months.

Even when the need for a second automobile and the additional child care expenses in the summer months are taken into consideration, it is clear to the Court that the United States Trustee is correct on his contention that the debtors could make a substantial payment monthly toward the funding of a Chapter 13 plan. Although the amount might be somewhat smaller during the summer months, the Court finds that the debtors could pay the average sum of $800 per month toward a Chapter 13 plan. This amounts to $9,600 per year or $28,800 over the life of a three year plan. This exceeds the unsecured debts by ap-

proximately $6,500 before consideration of trustee's fees and the possibility of a deficiency claim on the surrendered automobile. Suffice it to say that the debtors could pay 100% or very nearly that sum under the circumstances of this case.

The Court is guided by *In re Krohn*, 886 F.2d 123 (6th Cir.1989) in making such a decision. In that case Judge Norris stated

> In determining whether to apply § 707(b) to an individual debtor, then, a court should ascertain from the totality of the circumstances whether he is merely seeking an advantage over his creditors, or instead is "honest," in the sense that his relationship with his creditors has been marked by essentially honorable and undeceptive dealings, and whether he is "needy" in the sense that his financial predicament warrants the discharge of his debts in exchange for liquidation of his assets.

At page 126. The Court used the conjunctive "and" so it clearly requires both "honesty" and "need" on the part of the debtor in order for the debtor to receive relief under Chapter 7.

The *Krohn* court proceeds to list some of the factors that may be used to determine whether a debtor is "honest" and whether the debtor is "needy". The honesty of the debtors in this case has not been called into question so the Court will proceed to determine the "need" of these debtors. With regard to "need", the *Krohn* court said

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings.... That factor alone may be sufficient to warrant dismissal.

At page 126.

Clearly where, as here, the debtors are able to fund a Chapter 13 plan which would pay all or almost all of their debts, the debtors lack the requisite "need" for the relief offered by Chapter 7 and their case should be dismissed if they do not choose to avail themselves of an opportunity to convert their case to one under Chapter 13.

A separate order in conformity herewith will be entered.